United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 15, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-20373

IN RE:  KENNETH WAYNE MORRIS,

Applicant,

-----------------------------------------------
ORDER
AUTHORIZING THE DISTRICT COURT TO CONSIDER
A SUCCESSIVE HABEAS CORPUS APPLICATION
AND GRANTING A STAY OF EXECUTION
-----------------------------------------------

Before HIGGINBOTHAM, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:

Kenneth Wayne Morris(hereinafter "Applicant") has moved this Court for permission to file a successive petition for writ of habeas corpus in the United States District Court for the Southern District of Texas, Houston Division.  The authority of this Court to act on such motion is stated in 28 U.S.C §2244 (b)(3)(C) as follows:

> The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the applicant satisfies the requirements of this subsection.

In Reyes-Requena v. United States, our Court followed the Seventh Circuit's definition of prima facie showing explained in its opinion in Bennett v. United States as follows:

> Our court has adopted the following definition of prima facie showing: We understand [it to] be simply a sufficient showing of possible merit to warrant a fuller exploration by the district court.... If in light of the documents submitted with the application it appears reasonably likely that the application satisfies the stringent requirement for the filing of a second or successive petition, we shall grant the application.

*Bennett v. United States*, 119 F.3d 468, 469-70 (7th Cir. 1997); *see Reyes-Requena v. United States*, 243 F.3d 893, 898-99 (5th Cir. 2001) (quoting Bennett). We have carefully reviewed Applicant's motion and the documents appended as exhibits thereto and the Response filed by the State. We find that Applicant has made a *prima facie* showing that:

> (1) the claims to be presented in the proposed successive habeas corpus application have not previously been presented in any prior application to this Court;

> (2) the claim to be presented in the proposed successive habeas corpus application relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, see <u>Penry v. Lynaugh</u>, 492 U.S. 302, 109 S. Ct. 2934 (1989) and <u>Atkins v. Virginia</u>, 536 U.S. 304, 122 S. Ct. 2242 (2002); *and*

> (3) applicant should be categorized as "mentally retarded" as defined in these cases.

Accordingly, **we authorize Applicant to file a successive habeas corpus petition with the district court.** This grant is, however, "'tentative in the following sense: the district court

must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion.'  The district court then is the second 'gate' through which the petitioner must pass before the merits of his or her motion are heard." Reyes-Requena, 243 F.3d at 899 (quoting Bennett, 119 F.3d at 470); see also 28 U.S.C. § 2244(b)(4).  The district court "must conduct a 'thorough' review to determine if the motion 'conclusively' demonstrates that it does not meet AEDPA's second or successive motion requirements."  Reyes-Requena, 243 F.3d at 899 (citing United States v. Villa-Gonzalez, 208 F.3d 1160, 1165 (9th Cir. 2000)).

Applicant has also moved this Court for a stay of his execution now set for after 6:00 p.m. on Tuesday, April 15, 2003.  We see nothing upon which we could determine that "the granting of the stay would substantially harm other parties," including the State of Texas.  Furthermore, we think Applicant has made a sufficient showing of likelihood of success on the merits that the public interest would be served by granting the stay.  Accordingly, **Applicant's execution now scheduled for after 6:00 p.m. on Tuesday, April 15, 2003, is hereby stayed pending final determination of the successive habeas petition whose filing we have authorized herein.**

3

PATRICK E. HIGINBOTHAM, Circuit Judge, concurring:

I join in the grant of permission to file a successive writ because there is here enough merit to warrant further exploration by the district court. I am confessedly dubitate on that point, but I am persuaded to join given the "tentative" process this court had borrowed from the Seventh Circuit. *See Bennett v. United States*, 119 F.3d 468, 469-70 (7th Cir. 1997), and *Reyes-Requena v. United States*, 243 F.3d 893, 898-99 (5th Cir. 2001).

There is a conflict between the family's description of Morris's impairment in his childhood and school days and "other" evidence in this record, and we have no I.Q. test. As the brief of the Harris County District Attorney's office ably points out, the testifying expert at Morris's trial did not think that he was retarded. On the other hand, that had not been his focus. And the trial psychologist never tested for mental retardation. While now vital school records, scant as they are, do not use the term "retarded," that is not worth much, given the wide practice of social promotions and the reluctance of school officials' use of the stigmatizing term "retarded." There are more uncertainties. The family offers unqualified assertions that Morris could not read and write, but that evidence is cast

4

in doubt by records in the file purporting to be in his writing and reflecting an ability to read.

It is difficult to make informed judgments without the development of the facts in some form of hearing. While skeptical of Morris's ability to do so at a hearing, I will not dissent from an order allowing the district court to make a more informed judgment than is available to us, as a second gate to leave to file a successive writ.