United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 12, 2003**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals

## for the Fifth Circuit

————————

m 03-40207

————————

IN THE MATTER OF:

ERIC LYNN MOORE,

Movant.

————————————————

Motion for an Order Authorizing the
United States District Court for the Eastern District of Texas
To Consider a 28 U.S.C. § 2254 Successive Habeas Corpus Application

————————————

Before SMITH, EMILIO M. GARZA, and
DENNIS, Circuit Judges.

PER CURIAM:[*]

Eric Moore applies for permission to file a second petition for writ of habeas corpus in the district court. *See* 28 U.S.C. § 2244(b)(3). Because we conclude that Moore has made a *prima facie* showing of entitlement to relief, we grant his motion.[1]

Section 2244(b)(3)(C) states that "[t]he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] We grant Moore's motions to proceed *in forma pauperis* and for appointment of counsel under 21 U.S.C. § 848(q)(4)(B).

court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). Although this provision speaks in discretionary terms, we have explained the circumstances under which we exercise our discretion:

> By "prima facie showing," we understand simply a sufficient showing of possible merit to warrant a fuller exploration by the district court. Therefore, if from the application and its supporting documents, it appears reasonably likely that the application satisfies the stringent requirements for the filing of a second or successive petition, the application *shall be granted*.

*Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001) (alterations and citations omitted) (emphasis added).

Moore has made a *prima facie* showing that he satisfies the requirements of subsection (b). *See In re Morris*, No. 03-20373, 2003 U.S. App. LEXIS 7595, at *2-*3 (5th Cir. Apr. 15, 2003). First, Moore has not presented, in a prior application, the claim that his execution would violate the rule of *Atkins v. Virginia*, 536 U.S. 304 (2002). 28 U.S.C. § 2244(b)(2). Second, Moore's *Atkins* claim was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2244(b)(2)(A); *see Bell v. Cockrell*, 310 F.3d 330, 332 (5th Cir. 2002) (citing *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989)). Third, Moore's proffered evidence makes a *prima facie* showing that he is "mentally retarded" under these authorities.

Therefore, we authorize Moore to file, in the district court, a second habeas petition presenting his *Atkins* claim. This grant, however, is

> tentative in the following sense: the district court must dismiss the motion that we have allowed [Moore] to file, without reaching the merits of the motion, if the court finds that [Moore] has not satisfied the requirements for the filing of such a motion. The district court then is the second "gate" through which [Moore] must pass before the merits of his . . . motion are heard.

*In re Morris*, 2003 U.S. App. LEXIS 7595, at *3 (citation omitted); *see also* 28 U.S.C. § 2244(b)(4). "The district court must conduct a thorough review to determine if the motion conclusively demonstrates that it does not meet AEDPA's second or successive motion requirements." *In re Morris*, 2003 U.S. App. LEXIS 7595, at *3.

The state argues that Moore is not retarded and that his *Atkins* claim is procedurally defaulted. The facts surrounding Moore's alleged retardation have not been developed, and the parties have presented scant factual or legal grounds for us to assess the procedural default issue. Without such information, "[i]t is difficult to make informed judgments" on these questions. *Id.* at *5 (Higginbotham, J., concurring). Our decision thus "allow[s] the district court to make a more informed judgment than is available to us" on Moore's claim and on the state's defenses that Moore is not retarded and that his claim is procedurally defaulted. *Id.* (Higginbotham, J., concurring).

We are hopeful that the district court will rule on this matter well in advance of the

scheduled execution date, which is May 21, 2003.  Moore's motion for stay of execution is DENIED, but without prejudice to its being renewed in the district court or this court, as circumstances warrant.  The promptness with which Moore files his successive habeas application should be a factor in whether any motion for stay of execution is favorably considered.