United States Court of Appeals
Fifth Circuit

**F I L E D**

June 10, 2003

Charles R. Fulbruge III
Clerk

Revised July 1, 2003

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 03-50620**

_____

**IN RE: KIA LEVOY JOHNSON,**

**Movant**

_____

On Motion for Authorization To File
Successive Petition for Writ of Habeas Corpus in the
United States District Court before the
Western District of Texas

_____

Before JONES, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:

Kia Levoy Johnson has moved this court for permission to file a Successive Petition for Writ of Habeas Corpus in the United States District Court for the Western District of Texas. He alleges that he has made a *prima facie* showing that his application satisfies the requirements of 28 U.S.C. § 2244(b)(3)(C), the provision authorizing successive petitions. We disagree and therefore deny the motion and his request for stay of execution.

In In re Morris, 328 F.3d 739, 740-41 (5th Cir. 2003), this court recently and relevantly explained that a *prima facie* showing embodies the characteristics that (1) a petitioner's claims in a proposed successive habeas corpus application have not

previously been presented in any prior application to this court; (2) the claim to be presented relies on Atkins v. Virginia, 536 U.S. 304, 122 S. Ct. 2242 (2002), a decision that stated a new, retroactively applicable rule of constitutional law that was previously unavailable to the petitioner; and (3) the applicant could be categorized as "mentally retarded" within the understanding of Atkins and Penry v. Lynaugh, 492 U.S. 302, 109 S. Ct. 2934 (1989).

Measured by these standards, Johnson's motion must fail. We conclude that Johnson's application does not state a *prima facie* case of mental retardation under Atkins, which this court stated is "simply a sufficient showing of possible merit to warrant a fuller explanation by the district court. . ." In re Morris, 328 F.3d at 740 (quoting Bennett v. United States, 119 F.3d 468, 469-70 (7th Cir. 1997)). In support of his application, Johnson attaches two letters of a forensic psychologist, both dated within two weeks of these events. These letters refer to "multiple areas of concern," a prior evaluation that "did not clearly reflect mental incapacitation," a "belief" that Johnson's verbal intelligence level may be as low as 62-65 and as high as 72-75. The psychologist recommends further testing. The only evidence that Johnson's condition existed in his youth is a seventh grade transcript from the mid-1970s, which reflects that he failed all

2

his academic courses that year, while passing in PE, Band and Health with B's and C's.

Atkins cites definitions of mental retardation from the American Association of Mental Retardation and the American Psychiatric Association. Atkins, 536 U.S. 304, 309 n.3 and 22, 122 S. Ct. at 2245 n.3 and 22. The Court explicitly noted, however, that "[n]ot all people who claim to be mentally retarded will be so impaired as to fall within the range of mentally retarded offenders about whom there is a national consensus." Id. at 317, 122 S. Ct. at 2250. We are persuaded that the two letters and seventh grade transcript offered by Johnson are simply insufficient to suggest that further development of his claim has any likelihood of success under the Atkins criteria.

Johnson's application also asserts that he was entitled to a judge and/or jury determination of mental retardation pursuant to the Court's recent decisions in Ring v. Arizona, 536 U.S. 584 (2002) and Apprendi v. New Jersey, 530 U.S. 466 (2000), read together with Atkins, supra. Johnson's substantive contention fails because neither Ring and Apprendi nor Atkins render the absence of mental retardation the functional equivalent of an element of capital murder which the state must prove beyond a reasonable doubt. See Ring, 536 U.S. at 609 (noting that jury finding required by the Sixth Amendment for aggravating factors that operate as "the functional equivalent of an element of a greater offense"). As the state points out, the absence of mental

3

retardation is not an element of the sentence any more than sanity is an element of an offense.[1]

Further, the Court in <u>Atkins</u> explicitly stated that it left "to the States the task of developing appropriate ways to enforce the constitutional restriction upon its execution of sentences." <u>Atkins</u>, 536 U.S. 317, 122 S. Ct. at 2250 (quoting <u>Ford v. Wainwright</u>, 477 U.S. 399, 405 (1986)). In light of this direction by the Supreme Court, it would be wholly inappropriate for this court, by judicial fiat, to tell the States how to conduct an inquiry into a defendant's mental retardation.

For the foregoing reasons, the application for authorization to file a successive habeas petition and the motion for stay of execution are **DENIED**.

EDITH H. JONES, Circuit Judge, concurring:

---

[1]Although we need not reach the issue, we question whether Johnson's claims based on <u>Ring</u> are available to him on collateral review. This court has held that <u>Apprendi</u> did not announce a new rule of substantive law and is not retroactively applicable to convictions that became final before the decision was announced. <u>United States v. Brown</u>, 305 F.3d 304, 309 (5th Cir. 2002), <u>cert. denied</u>, 123 S. Ct. 1919 (2003); <u>see also</u> <u>Teague v. Lane</u>, 489 U.S. 288 (1989). Since the rule in <u>Ring</u> is essentially an application of <u>Apprendi</u>, logical consistency suggests that the rule announced in <u>Ring</u> is not retroactively available. <u>See</u> <u>Ring</u>, 536 U.S. at 620-21 (O'Connor, J., dissenting)(<u>Ring</u>'s impact would be lessened by <u>Teague</u>'s non-retroactivity principle).

In addition to the reasons stated by the panel, I would also hold that Johnson's <u>Atkins</u> claim is procedurally barred. The Texas Court of Criminal Appeals held that his application seeking relief pursuant to <u>Atkins</u> "fails to satisfy the pleading requirement imposed by [Texas Code Crim. Proc.] art. 11.071, § 5(a) . . .", and the court accordingly dismissed it as an abuse of the writ under state law. That decision by Texas's highest court states an adequate and independent state ground that bars federal habeas review absent a showing of cause and prejudice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991); <u>Barrientes v. Johnson</u>, 221 F.3d 741, 758-59 (5th Cir. 2000). Johnson has provided no reason why federal courts are not bound by the procedural bar rule to deny him federal habeas relief. Hence, Johnson's application for leave to file a successive habeas petition does not make a *prima facie* case in his favor.