**Riley Dobi NOEL, Petitioner,**

v.

**Larry NORRIS, Director, Arkansas Department of Correction, Respondent.**

**No. 03–2591.**

United States Court of Appeals, Eighth Circuit.

July 3, 2003.

Before BOWMAN, MORRIS S. ARNOLD and RILEY, Circuit Judges.

### JUDGMENT

PER CURIAM.

Riley Dobi Noel's Petition for authorization to file a successive habeas application in the district court is denied. Mandate shall issue forthwith. Judge Morris S. Arnold dissenting.

MORRIS S. ARNOLD, Circuit Judge, dissenting.

I respectfully dissent because I think that Mr. Noel is entitled to file a second habeas petition under 28 U.S.C. § 2244(b)(2)(A). Mr. Noel's claim that he cannot constitutionally be executed be-

---

cause he is mentally retarded, *see Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), was "unavailable," as that word is used in the statute, at the time that he filed his first habeas petition and at all times during its pendency. *See In re Morris*, 328 F.3d 739, 740 (5th Cir. 2003) (per curiam). The fact that a similar claim was available under a state statute at the time of his trial is, to my mind, irrelevant. His federal claim was not available, and that is all that the statute requires because it speaks of the availability of "new rule[s] of constitutional law," 28 U.S.C. § 2244(b)(2)(A).

In order to be eligible to file a second habeas petition, Mr. Noel must also satisfy us that the rule he relies on is one that has been "made retroactive to cases on collateral review by the Supreme Court." *Id.* I admit that this is a closer question, but, on balance, it seems to me that the principle established in *Atkins* satisfies this criterion. The Supreme Court need not decide in the case that establishes a new rule that it is retroactive, nor does the Court have to declare a new rule retroactive some time after it is announced, before the rule qualifies under the statute. *See Tyler v. Cain*, 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).

In *Penry v. Lynaugh*, 492 U.S. 302, 330, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), the Court specifically said that if mental retardation were held to be a constitutional impediment to execution, that rule would be available retroactively to habeas petitioners. On balance, this statement would seem to qualify the rule on which Mr. Noel's claim is based as one that has been "made retroactive to cases on collateral review by the Supreme Court." *See In re Holladay*, 331 F.3d 1169 (11th Cir.2003); *Walker v. True*, No. 02–22, 67 Fed.Appx. 758, 770, 2003 WL 21008657, at *7 (4th Cir.

May 6, 2003) (per curiam); *In re Morris*, 328 F.3d at 740; *cf. Hill v. Anderson*, 300 F.3d 679, 681 (6th Cir.2002).

I would therefore grant Mr. Noel's application for leave to file a second habeas petition. I would leave his request for a stay to the district court on remand.