United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
for the Fifth Circuit**

No. 05-51310

In Re: BOBBY WAYNE WOODS,

Movant.

Motion for Authorization to File Successive Petition
in the United States District Court
for the Western District of Texas

Before BARKSDALE, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bobby Wayne Woods, a Texas inmate sentenced to death based upon his conviction for capital murder, seeks authorization to file a successive petition for writ of habeas corpus in the United States District Court for the Western District of Texas on two issues related to his allegation that he is either mentally retarded and therefore cannot be executed under *Atkins v. Virginia*, 536 U.S. 304 (2002), or too mentally ill to be executed under the Eighth and Fourteenth Amendments. We grant in part and deny in part his motion.

We grant Woods permission to file before the district court

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his *Atkins* claim that his sentence of capital punishment violates the United States Constitution because he is mentally retarded. However, we make no evaluation of this claim other than to hold that Woods has made the prima facie showing required under § 2244(b). We deny the motion as to his remaining claims that: (1) his mental illness is so severe that his execution would violate the constitutional prohibition against cruel and unusual punishment patently and (2) his conviction and death sentence were both obtained in violation of the U.S. Constitution according to *Jones*, *Apprendi*, *Ring*, *Blakely*, and *Booker*.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 1998, Woods was convicted of kidnapping two children, an approximately eight-year-old boy and a girl, age eleven, from their home, and he was sentenced to death for the capital murder of the kidnapped girl. Woods's conviction and sentence were appealed to the Texas Court of Criminal Appeals (the "TCCA") and affirmed on June 14, 2000. *Woods v. State*, No. 73,136, slip op. (Tex. Crim. App. June 14, 2000).

Woods filed his initial application for habeas relief in the courts of Texas on September 15, 1999, and the TCCA adopted the lower court's findings and denied relief. *Ex parte Woods*, No. 44,856-01, slip op. at 2 (Tex. Crim. App. Sept. 13, 2000) (per curiam) (unpublished). The Supreme Court of the United States denied Woods's petition for writ of certiorari on February 20,

2

2001. *Woods v. Texas*, 531 U.S. 1155 (2001).

On December 11, 2000, Woods filed his initial federal habeas application in the Northern District of Texas, alleging many of the same claims presented for state postconviction relief. *See Woods v. Johnson*, No. 4:00-CV-1563-A (N.D. Tex. Dec. 11, 2000). The cause of action was transferred to the Western District of Texas and was there denied. *Woods v. Cockrell*, No. A:01-CA-055-SS (W.D. Tex. Feb. 8, 2002). Woods appealed the denial of federal habeas relief to this Court, and a panel of this Court denied his request for a certificate of appealability on certain claims and otherwise affirmed the district court's denial of relief. *Woods v. Cockrell*, 2003 WL 1202760 (5th Cir. Feb. 24, 2003) (unpublished).

Woods began the process of his successive petition for postconviction relief by filing an application with the TCCA on April 8, 2003, that raised two claims: (1) that his death sentence was unconstitutionally applied to him under *Atkins v. Virginia*, 536 U.S. 304 (2002), because he is mentally retarded and (2) that his conviction and sentence violated the Fifth, Sixth, and Fourteenth Amendments because the State failed "to allege all of the essential elements of capital murder wherein the death penalty could be imposed in the indictment." The TCCA held that Woods's second claim was an abuse of the writ under the Texas Code of Criminal Procedure, article 11.071 § 5. With respect to Woods's *Atkins* claim challenging only his sentence and not conviction, the TCCA

3

remanded the application to the state trial court. *Ex parte Woods*, No. 44,856-02, slip op. at 2 (Tex. Crim. App. May 21, 2003) (per curiam) (unpublished).

The state court held a hearing on the issue of Woods's intellectual and functional capacity during which both Woods and the State presented testimony and evidence. In addition to submitted evidence of Woods's scores on multiple intelligence tests, the state court heard testimony from Woods's former grade school principal and two teachers who testified that while Woods suffered from learning disabilities, he was not mentally retarded. The state court found that Woods was not mentally retarded and recommended that relief under *Atkins* be denied. The TCCA adopted those findings and recommendations and denied relief. *Ex parte Woods*, No. WR-44,856-02, slip op. at 2 (Tex. Crim. App. Apr. 27, 2005). Woods submitted his successive federal habeas application to the district court on September 27, 2005, and he now moves this Court for authorization to file that petition, which raises two claims for relief, in the district court.

## DISCUSSION

Because Woods filed his federal habeas application after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his initial habeas petition was subject to the provisions of that Act. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Graham v. Johnson*, 168 F.3d 762, 775 (5th Cir. 1999).

4

Woods's instant motion for authorization to file a successive petition is likewise subject to AEDPA's requirements. *See Graham*, 168 F.3d at 775; *see also In re Morris*, 328 F.3d 739, 740 (5th Cir. 2003).

Under AEDPA, this Court may authorize such a filing only if we determine that "the application makes a *prima facie* showing that the applicant satisfies the requirements" of 28 U.S.C. § 2244(b). 28 U.S.C. § 2244(b)(3)(C) (2000).[2]

In the Fifth Circuit, a *prima facie* showing is "simply a

[2]In relevant part, § 2244(b) provides,

(b) . . .
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
(3) . . .
(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244(b)(2)-(3).

sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Morris*, 328 F.3d at 740 (citing *Bennett v. United States*, 119 F.3d 468, 469-70 (7th Cir. 1997)); *see also Reyes-Requena v. United States*, 243 F.3d 893, 898-99 (5th Cir. 2001). If we determine that it appears "reasonably likely" that the motion and supporting documents indicate that the application meets the "stringent requirement" for the filing of a successive petition, then we must grant the filing. *In re Morris*, 328 F.3d at 740 (citation omitted).

Woods presents two claims for habeas relief in his successive petition, arguing each meets the requirements of § 2244(b).[3] First, Woods claims he is mentally retarded and therefore cannot be executed under *Atkins*. We have carefully reviewed Woods's motion and the putative petition attached in support, as well as Texas's response in opposition.

We find that Woods has made a *prima facie* showing that the *Atkins* claim of his proposed successive petition for writ of habeas corpus raises a claim not previously presented in his prior application to this Court. We also find Woods has raised, as to

---

[3]In his motion for authorization to file his successive petition, Woods restructures his claims into five separate issues, but this altered organization does not affect our analysis because in both the petition and the motion, only one claim meets the requirement of § 2244(b) such that it may be presented to the district court on successive petition. As discussed herein, that issue is Woods's challenge to his death penalty sentence under *Atkins*.

his *Atkins* challenge to his sentence only, an issue that relies "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2244(b)(2); *In re Morris*, 328 F.3d at 740. Finally, we conclude Woods has made a *prima facie* showing that he could be categorized as mentally retarded under *Atkins v. Virginia*, 536 U.S. 304 (2002). *See* 28 U.S.C. § 2244(b)(3)(C); *In re Morris*, 328 F.3d at 740. However, we express no opinion on the merits of his substantive claim that he is mentally retarded. Thus, we permit the filing of Woods's claim that he is mentally retarded and therefore ineligible for the death penalty under *Atkins*.[4]

As to Woods's remaining claims, we deny authorization to present them to the district court. Woods challenges his sentence because he claims the determination that he is not mentally retarded was determined by a judge rather than by a jury. Woods argues the burden of proof with respect to mental retardation was improperly placed upon him as petitioner rather than upon the State. Woods challenges the sufficiency of the evidence to support the state court findings that he is not mentally retarded and argues that, even if he is not mentally retarded, the Eighth and Fourteenth Amendments bar his execution because he is so mentally

---

[4]This claim is a portion of, but not the entirety of, Issue One in Woods's petition.

ill as to make the death penalty cruel and unusual punishment. Each of these claims fails to meet the requirements of § 2244(b).

The Supreme Court has clarified recently that the factfinder with respect to a determination of mental retardation need not be a jury as opposed to judge when it vacated a Ninth Circuit order directing a federal habeas petitioner to institute proceedings in the courts of Arizona for jury determination of the question of mental retardation. *Schriro v. Smith*, 126 S. Ct. 7, 8-9 (2005) (stating "[t]he Ninth Circuit erred in commanding the Arizona courts to conduct a jury trial to resolve Smith's mental retardation claim" and reiterating the statement from *Atkins*, 536 U.S. at 317, that the method for determining whether a defendant is mentally retarded is left to the States).

Woods claims that he was denied a jury determination of his status as mentally retarded under *Ring v. Arizona*, 536 U.S. 584 (2002). This claim does not meet the requirements of § 2244(b) because the claim that a jury must determine mental retardation does not rely upon a new rule of constitutional law made retroactive by the Supreme Court. On the contrary, the Supreme Court has squarely stated that *Ring* is not retroactive. *Schriro v. Summerlin*, 542 U.S. 348, 358, 159 L. Ed. 2d 442, 124 S. Ct. 2519, 2526 (2004). Therefore, § 2244(b)(2) precludes Woods's filing of such a claim. *See United States v. Webster*, 421 F.3d 308, 312 (5th Cir. 2005).

8

Woods argues the burden of proof with respect to mental retardation was improperly placed upon him as petitioner rather than upon the State to prove beyond a reasonable doubt. Again, no Supreme Court case created such a rule and applied it retroactively, as is required. Moreover, our Circuit has rejected this precise argument on a request for certificate of appealability. *Webster*, 421 F.3d at 311. Woods cannot make the prima facie showing required by § 2244(b) on a claim that is foreclosed. *See id*.

We also reject Woods's argument that he should be permitted to present his claim that he is mentally ill and, for that reason, cannot be executed in accordance with the Constitution. Section 2244(b) orders the dismissal of a successive petition insofar as a claim presented does not meet at least one of several requirements, in short, a new rule of constitutional law made retroactive by the Supreme Court. *Atkins* did not cover mental illness separate and apart from mental retardation, and Woods points to no Supreme Court case creating such a rule. Therefore, his mental illness claim may not be presented to the district court because it does not satisfy § 2244(b)(2)(A). Moreover, Woods failed to raise this claim before the state courts of Texas.

Accordingly, we authorize the filing in district court of the Successive Petition for Writ of Habeas Corpus attached to Woods's motion only with respect to a portion of Issue One, that is,

9

whether Woods is mentally retarded and therefore ineligible for the death penalty according to *Atkins*.  For the reasons stated above, we deny the motion as to the remaining claims.

The district court, in its role as second gatekeeper, "must conduct a 'thorough' review to determine if the motion 'conclusively' demonstrates that it does not meet AEDPA's second or successive motion requirements."  *Reyes-Requena*, 243 F.3d at 899 (citation omitted); *see also* 28 U.S.C. § 2244(b)(4).  In this case, the district court must conduct such thorough review as to Woods's claim related to his factual allegation of mental retardation and must dismiss the claim if it determines the stringent requirements of AEDPA are not met.  *See* 28 U.S.C. § 2244(b)(4).

**MOTION GRANTED IN PART; DENIED IN PART.**

10