United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 30, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 06-11356

In Re: KENNETH WAYNE THOMAS

Movant

On Motion for Authorization to File Successive Petition for Writ
of Habeas Corpus in the United States District Court for the
Northern District of Texas
Dallas Division

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Texas death row inmate Kenneth Wayne Thomas ("Thomas") has applied for our authorization to file a successive application for a writ of habeas corpus in the district court. He seeks to challenge his death sentence pursuant to the Supreme Court's decision in <u>Atkins v. Virginia</u>,[1] which prohibits execution of mentally retarded criminals.

Sometime between the evening of March 15, 1987 and the morning of March 16, 1987, Thomas murdered Mildred Finch in the course of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]536 U.S. 304 (2002).

burglarizing her home in Dallas, Texas. Thomas was convicted on September 2, 1987 and received a death sentence. The Texas Court of Criminal Appeals ("TCCA") affirmed his conviction and sentence on June 8, 1994. In 1997, he filed an application for state habeas relief, which the TCCA denied in 1999.

In July of 2000, Thomas filed his first federal habeas petition which was denied in October 2001. We denied a Certificate of Appealability in November 2002. On April 14, 2003, Thomas's petition for writ of certiorari was denied by the United States Supreme Court.

On June 20, 2002, after Thomas filed his first federal habeas petition, the Supreme Court decided Atkins.

On May 23, 2003, Thomas filed a successive state habeas application, challenging his sentence on the basis of his alleged mental retardation. Following an evidentiary hearing, the trial court recommended that Thomas's claim be denied and, on December 13, 2006, the Texas Court of Criminal Appeals adopted the trial court's findings of fact, denied relief, and vacated the stay of execution that it had entered in 2003.

On December 19, 2006, Thomas filed this motion for authorization to file a successive federal habeas petition.

## I.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), we may authorize the filing of a successive petition

2

only if we determine that "the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)]."[2]  Thus, because Thomas bases his application on Atkins, he must make a prima facie showing that: (1) his claim has not previously been presented in a prior application to this court; (2) his claim relies on a decision that stated a new, retroactively applicable rule of constitutional law that was previously unavailable to him; and (3) he is mentally retarded.[3]  "[T]he state court findings concerning the Atkins claim are wholly irrelevant to our inquiry as to whether [Thomas] has made a prima facie showing of entitlement to proceed with his federal habeas application, which is an inquiry distinct from the burden that [Thomas] must bear in proving his claim in the district court."[4]

The State concedes that Thomas satisfies the first two requirements, that is, his Atkins claim was not previously presented in any prior application to this court, and Atkins represents a new, retroactively applicable rule of constitutional law that was previously unavailable.  Therefore, the issue before this court is whether Thomas has made a prima facie showing that he is mentally retarded.  A prima facie showing is "simply a sufficient showing of possible merit to warrant a fuller

---

[2]28 U.S.C. § 2244(b)(3)(C).

[3]See In re Johnson, 334 F.3d 403, 404 (5th Cir. 2003).

[4]In re Wilson, 442 F.3d 872, 878 (5th Cir. 2006) (emphasis in original).

3

exploration by the district court."[5]  If we determine that it appears "reasonably likely" that the motion and supporting documents indicate that the application meets the "stringent requirement" for the filing of a successive petition, then we must grant authority to file it.[6]

Mental retardation is a disability characterized by three criteria: (1) significantly subaverage general intellectual functioning, usually defined as an IQ of about 70 or below; (2) accompanied by related limitations in adaptive functioning; (3) the onset of which occurs prior to the age of 18.[7]

We are persuaded that Thomas's Atkins claim has sufficient possible merit to warrant further exploration by the district court.

In his application, in addition to affidavits from friends and family, Thomas relies on the testimony of Dr. Gilda Kessner and Dr. Richard Garnett who both concluded that Thomas is mentally retarded.  Dr. Kessner administered an IQ test to Thomas in 2003 in which Thomas scored a 67.  Based on this score, Dr. Kessner concluded that Thomas meets the standard for significant

_____

[5]In re Morris, 328 F.3d 739, 740 (5th Cir. 2003).

[6]Id.

[7]In re Salazar, 443 F.3d 430, 432 (5th Cir. 2006).  Texas courts addressing Atkins claims have followed the definition of mental retardation adopted by the American Association on Mental Retardation ("AAMR") and the almost identical definition contained in section 591.003(13) of the Texas Health & Safety Code.  See Ex parte Briseno, 135 S.W.3d 1, 7-8 (Tex. Crim. App. 2004).

4

limitations in intellectual functioning, the first mental retardation criteria cited above. Dr. Kessner further testified that score inflation explains why Thomas achieved higher scores on two previously administered IQ test (a 75 and a 77 respectively).[8]

Dr. Garnett provided testimony regarding the two remaining mental retardation criteria. He concluded that Thomas has significant limitations in adaptive behavior which had occurred before age 18 as demonstrated by his limitations in the areas of functional academics and social skills. Dr. Garnett based his conclusions on a review of Thomas's various test scores, school records, TDCJ records, and the affidavits of relatives.

Because Thomas has made a prima facie showing of mental retardation, we grant his motion for authorization to file a successive habeas petition. This grant is, however, "tentative in the following sense: the district court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion . . . . The district court must conduct a thorough review to determine if

---

[8]The defendant cites the work of James R. Flynn, Ph.D. which concludes that the rise in general IQ scores of a population are attributable to the use of testing procedures outdated by societal changes and advances. Flynn's theory advocates for the periodic re-normalization of IQ test standard deviations to compensate for inflation and that .3 IQ points is deducted from IQ test scores for every year that has passed since a test was last normed. Applying Flynn's theory to the two previous IQ tests administered to Thomas would reduce the 75 IQ score by two points, to a full scale score of 73, and would reduce the 77 score to by 10 points, resulting in a full scale score of 67.

the motion conclusively demonstrates that it does not meet AEDPA's second or successive motion requirements."[9]  We express no opinion on the merits of Thomas's substantive claim that he is mentally retarded.

## II.

Accordingly, Thomas's motion for authorization to file a successive federal habeas petition is GRANTED.

GRANTED.

---

[9]See In re Morris, 328 F.3d at 741 (internal citations and quotations omitted).