# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60452

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2015

Lyle W. Cayce
Clerk

In re:  RICKY R. CHASE,

      Movant

---

Motion for an order authorizing
the United States District Court for the
Southern District of Mississippi to consider
a successive 28 U.S.C. § 2254 application

---

Before JOLLY, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:

Ricky Chase was convicted of capital murder and sentenced to death in Mississippi.  He requests authorization to file a successive 28 U.S.C. § 2254 application to assert claims that he is intellectually disabled and ineligible for execution under *Atkins v. Virginia*, 536 U.S. 304 (2002), and that the Mississippi courts denied due process to him in the adjudication of his *Atkins* claim.  In order to obtain authorization to file a second or successive habeas application, Chase must make a prima facie showing that his application satisfies the requirements of 28 U.S.C. § 2244(b), which provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

No. 15-60452

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). A prima facie showing is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Morris*, 328 F.3d 739, 740 (5th Cir. 2003) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)).

Chase asserts that he has made a prima facie showing that his application satisfies the requirements of 28 U.S.C. § 2244(b)(2), because his claims were not presented in a prior application, his intellectual disability claim relies on *Atkins*, which stated a new, retroactively applicable rule of constitutional law that was previously unavailable to him, and he has made a prima facie showing that he is intellectually disabled. The State contends, however, that Chase's application must be dismissed under § 2244(b)(1), because he presented the "mental retardation issue" in a prior application.[1] Alternatively, the State contends that Chase has not made a prima facie showing of intellectual disability.

---

[1] The term "mental retardation" is used in this opinion only where it is a direct quotation. Otherwise, we substitute the term "intellectual disability," which has been adopted by the Supreme Court and this circuit to describe the identical condition. *See Hall v. Florida*, 134 S. Ct. 1986, 1990 (2014); *Matamoros v. Stephens*, 783 F.3d 212, 213 n.1 (5th Cir. 2015).

2

No. 15-60452

We conclude that Chase has satisfied the prima facie standard for filing a successive § 2254 application. *Atkins* had not been decided when Chase's first federal habeas petition was filed and decided in the district court. The "mental retardation" issue that Chase presented in his first federal habeas petition was not an *Atkins* claim. Instead, he claimed that his trial counsel rendered ineffective assistance by failing to investigate and present evidence of intellectual disability during the consideration of the validity of his confession and as mitigating evidence at the sentencing phase of his trial. The question whether Chase is intellectually disabled and ineligible for execution under *Atkins* was neither presented to nor decided by the district court when it ruled on Chase's first federal habeas petition. In his state habeas proceedings, Chase presented evidence that his IQ scores are within the range of significantly subaverage general intellectual functioning, as well as evidence of deficits in adaptive functioning and of the onset of intellectual disability before the age of 18.

Because Chase has made a prima facie showing that his application satisfies the requirements of § 2244(b), his motion is GRANTED. The grant is, however, "tentative" to the extent that the district court must dismiss Chase's § 2254 application, without reaching the merits, if it determines that Chase has failed to satisfy the requirements for filing such an application. *In re Morris*, 328 F.3d at 741. We express no view on what decisions the district court should make.

MOTION GRANTED.

3