United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-70045

Elkie Lee TAYLOR,

Petitioner-Appellant,

versus

Nathaniel QUARTERMAN, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellee.

Appeal from the United States District Court
For the Northern District of Texas

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Elkie Lee Taylor appeals the district court's denial of
Certificate of Appealability (COA), principally raising an *Atkins*
claim.  We deny COA.

I

The petitioner first argues that the federal district court
improperly merged two statutory standards of review – the "clear
and convincing" burden requirement of section 2254 (e) (1) and the
"objectively unreasonable" standard of section 2254 (d) (2) —

1

creating a super-standard of review, contrary to the Supreme Court's admonition in *Miller El*.[1] In short, petitioner argues that he was required to prove that the state court decision was objectively unreasonable by clear and convincing evidence.

The district court applied the two standards in the alternative. It did not merge them, stating that

> [t]he court views the issue of Taylor's mental capacity as one of fact. See, e.g., Clark, 457 F.3d at 444 (question of whether criminal defendant suffers from significantly subaverage intellectual functioning is one of fact). Even if viewed as a mixed issue of fact and law, for the reasons stated by the court, infra, the trial court's decision on this issue was not contrary to or otherwise involved an unreasonable application.

## II

Taylor challenges the correctness of the state court's findings regarding mental retardation. We are not persuaded. Reasonable jurists would not disagree as to whether the petitioner failed to present clear and convincing evidence that the state court's adaptive behavior analysis was wrong.[2] A person is mentally retarded if he has (1) significant sub-average intellectual functioning; (2) accompanied by related limitations in adaptive functioning; and (3) onset prior to the age of eighteen.[3]

---

[1] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

[2] Taylor maintains that this court should determine de novo whether he is mentally retarded, applying a preponderance of the evidence standard. This is incorrect. Under section 2254 (e)(1) we require clear and convincing evidence that the state court's determination was incorrect.

[3] *See Atkins v. Virginia*, 536 U.S. 304, 318 (2002); *In re Salazar*, 443 F.3d 430, 432 (5th Cir. 2006).

2

On the first element, Taylor took five IQ tests scoring somewhere between the mid-sixties and mid-seventies. At age ten, he scored a 75 on the Wechsler Intelligence Scale for Children (WISC). Taylor's expert argued that this score should be norm corrected to a score of 68, to account for time lapse from 1948 to 1972. However, the doctor who administered the WISC test to Taylor stated that he was capable of performing better than a 75, had he tried. And, Taylor was not diagnosed as mentally retarded as a result of the WISC test.

Twenty-two years later Taylor scored a 63 on a Texas Department of Criminal Justice (TDCJ) beta test and then a 69 on the Wechsler Adult Intelligence Scale-Revised Test (WAIS-R). However, even after scoring a 69 Taylor was not diagnosed as mentally retarded. The test administrator stated that

> [t]aking into account the client's age and cultural group, his adaptive behavior is below average, but not the degree expected of a mentally retarded person. It appears that Mr. Taylor is more capable in terms of adaptive skills than he has actually demonstrated.

Finally, in preparation for his state habeas hearing, he scored a 65 on the Wechsler Adult Intelligence Scale (WAIS-III) and a 71 on the Kaufman test. But the state habeas court was permitted to discount these scores due to the incentive to malinger.

Regarding adaptive behavior, Taylor purportedly had difficulty maintaining a steady job, got confused using public transportation, had trouble cooking rice well as a child, made poor use of his leisure time by sitting in his apartment and just listening to the

3

radio and talking on the phone.  However, Texas points to the circumstances of his two crimes to prove that he was not deficient. For example, having perceived an opportunity for robbing Otis Flake, he planned and executed Flake's murder. Further, having learned from his experience of murdering Ramon Carrillo, Taylor skipped the use of his hands and went straight to the use of a coat hanger in order to murder Flake. When the policeman questioned him about the television stolen from Flake's apartment, he quickly thought up a lie that worked. Then, when ultimately found, he successfully maneuvered an 18-wheeler cab for over 150 miles and then, when caught, tried to blame someone else for his crimes.

Finally, regarding the date of onset of Taylor's alleged mental retardation, the only IQ test taken of Taylor prior to his turning eighteen yielded a result of 75, above the mild retardation cut off of 70. The administrator of the test thought Taylor was capable of performing better than 75. While Talyor's expert concluded that this test result overstated Taylor's IQ by seven points, the trial court was not unreasonable in finding otherwise. In light of this standard of review, we hold that the petitioner did not present clear and convincing evidence that the state court erred.[4]  COA is DENIED.

---

[4]Taylor argues that the CCA's decision in *Ex parte Briseno*, 135 S.W.3d 1 (Tex. Crim. App. 2004), fails to properly implement *Atkins*.  As noted by the federal district court, *Briseno* has been cited favorably several times by this court in contexts indicating that *Briseno* is not contrary to clearly established Supreme Court precedent. *See, e.g.*, *In re Hearn*, 418 F.3d 444, 446-47 (5th Cir. 2005).