# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2008

Charles R. Fulbruge III
Clerk

No. 08-11045

In Re: ELKIE LEE TAYLOR

Movant,

Motion for Authorization to File Successive Petition for Writ of Habeas
Corpus in the United States District Court for the Northern District of Texas,
Fort Worth Division and for Stay of Execution

Before HIGGINBOTHAM, WIENER, AND BARKSDALE, Circuit Judges.

PER CURIAM:[*]

On June 22, 1994 death-row inmate Elkie Lee Taylor was convicted of capital murder for the killing of Otis Flake during the robbery or burglary of Flake's home and sentenced to death by a jury in Tarrant County Texas. He asks this court for leave to file a successive writ of habeas corpus and a stay of his execution now scheduled for 6:00 pm November 6, 2008. For reasons we will explain, we refuse authorization to file a successive writ and refuse to grant stay of execution.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Taylor filed his first habeas application in state court on July 13, 1998, which the Court of Criminal Appeals denied on March 28, 2001. Following the state court decision, Taylor filed his first federal habeas petition on May 31, 2001. The federal district court denied the petition on July 13, 2001 concluding that all its grounds for relief should have been raised on direct appeal and were therefore procedurally barred.[1] The district court nevertheless addressed the merits in the petition rejecting all five grounds for relief, including Taylor's Eighth Amendment argument that the jury charge impermissibly permitted a finding of guilt without a finding beyond a reasonable doubt that Taylor was at least a major participant in the crime and acted with intent to kill or a reckless indifference to human life. This court denied the request for certificate of appealability for essentially the reasons stated by the district court.[2]

Taylor's execution was scheduled for January 23, 2003. On January 16, 2003 and following the Supreme Court's decision in Atkins v. Virginia,[3] Taylor filed a successive writ application in the Texas Court of Criminal Appeals urging for the first time that he was mentally retarded. The Court of Criminal Appeals denied habeas relief following an evidentiary hearing by the state trial court. Taylor then obtained leave to file a successive writ in federal district court. The district court denied the petition on September 20, 2006[4] and this court affirmed on August 21, 2007.[5]

---

[1] Taylor v. Johnson, 2001 WL 863614 (N.D. Tex. 2001).

[2] Taylor v. Cockrell, 282 F.3d 856 (5th Cir. 2002).

[3] 536 U.S. 304 (2002).

[4] Taylor v. Quarterman, 2006 WL 2707426 (N.D. Tex. 2006).

[5] Id., 498 F.3d 306 (5th Cir. 2007).

Taylor filed a second subsequent application in state court on October 29, 2008. The Texas Court of Criminal Appeals, in an order dated November 3, 2008, dismissed the application as an abuse of the writ.

Taylor now requests authorization to file a successive application for writ of habeas corpus in the United States District Court pursuant to 28 U.S.C. § 2244(b)(3)(A). He contends that his jury charge made it possible for his conviction to rest on a non-capital offense, and as a result it is impossible to know whether a unanimous jury agreed on a capital murder verdict and that the trial court was without jurisdiction to enter a valid judgment.

II

In considering a request for authorization to file a successive writ, we must determine whether "the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)]."[6] The relevant portion of that section requires a claim be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.[7]

A prima facie showing that these requirements are met involves "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court."[8]

---

[6] The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(b)(3)(C).

[7] Id. at (b)(2)(A-B).

[8] In re Morris, 328 F.3d 739, 740 (5th Cir. 2003).

### III

The Texas Court of Criminal Appeals, on November 3, 2008, dismissed Taylor's second subsequent writ application that contended his jury verdict was non-unanimous as an abuse of the writ under Texas Code of Criminal Procedure Article 11.071, § 5. Relatedly, we find that Taylor has failed to make a prima facie showing to meet the requirements of 28 U.S.C. § 2244(b). Taylor does not raise a new rule of constitutional law. Nor does he raise a claim for which the factual predicate could not have previously been discovered. Under 28 U.S.C. § 2244(b) his claim must therefore be denied.

Taylor contends, however, that his application is outside of the procedures of 28 U.S.C. § 2244(b) because his jury verdict was not unanimous and therefore the court did not have jurisdiction to enter a valid judgment. He argues that because the jury charge allowed the jurors to reach a murder conviction on alternative theories the verdict was not unanimous. We disagree. The jury charge did not allege different offenses but different ways of committing the same offense. Neither Texas nor Federal law requires a jury to agree on how an offense was committed.[9]

Taylor's motions to file a successive habeas application and for stay of execution are DENIED.

---

[9] See Aguirre v. State, 732 S.W.2d 320, 326 (Tex. Cr. App. 1987) (en banc) (reviewing a jury charge that allowed conviction based on intentional murder or felony murder and stating: "Because appellant's indictment did not allege different offenses but only alleged different ways of committing the same offense, the court properly furnished the jury with a general verdict form."); Schad v. Arizona, 501 U.S. 624 (1991) (holding that a first-degree murder conviction under jury instructions that did not require agreement on whether the defendant was guilty of premeditated murder or felony murder is not unconstitutional).