**Donald BENNETT, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 97–9003.

United States Court of Appeals, Seventh Circuit

Submitted Feb. 10, 1997.

Decided March 3, 1997.*

Donald R. Bennett (submitted on briefs), Chicago, IL, pro se.

Barry Rand Elden, Chief of Appeals, Office of the United States Attorney, Criminal Appellate Division, Chicago, IL, for Respondent.

Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.

POSNER, Chief Judge.

Donald Bennett, a federal prisoner, asks us for permission to file a third motion under 28 U.S.C. § 2255 for postconviction relief. As recently amended, the statute, so far as relevant here, forbids a

---

\* The opinion was originally released in typescript in order to ensure compliance with the deadline in 28 U.S.C. § 2244(b)(3)(D) for ruling on applications for permission to file second or successive motions for federal collateral review of state or federal convictions.

second or successive motion unless we certify "as provided in section 2244" that it contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty." Section 2244(b)(3)(C), the parallel (but not identical) provision for second or successive motions by state prisoners seeking federal habeas corpus under 28 U.S.C. § 2254, provides that the court of appeals "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." We take the phrase "as provided in section 2244," which appears in section 2255, to mean that in considering an application under section 2255 for permission to file a second or successive motion we should use the section 2244 standard, and thus insist only on a prima facie showing of the motion's adequacy. We cannot find any cases on the issue, but the legislative history does not distinguish between second or successive motions by federal and by state prisoners, and we cannot think of any reason why the standard for federal prisoners would be more stringent (as the words "certified ... to contain," when compared to "prima facie showing," might be thought to imply); we conclude that the difference in wording is immaterial.

■ Bennett claims in his application that he is a schizophrenic and would have been found not guilty by reason of insanity had not the prison doctors, unbeknownst to him, administered a powerful psychotropic drug to him (Mellaril) during his trial. He claims that had he not been drugged, he would have convinced the jury to acquit him. Although he was tried eight years ago, he claims that he was unable until recently to procure the portion of the transcript of the sentencing proceeding in which, in his absence, it was disclosed that the drug had been prescribed and he was taking it. He had known, of course, that he was taking a drug, but not that it was a drug that would impair his ability to testify. He did testify at the trial in support of his insanity defense, *United*

*States v. Bennett*, 908 F.2d 189, 192 (7th Cir.1990), but says that because he was drugged the testimony was ineffective. He says also that his trial lawyer concealed from him and from the jury the fact that he was taking the drug.

We do not think that the claim has sufficient plausibility to satisfy the statutory standard. The defendant testified that he was schizophrenic and that God told him to rob the banks (he was convicted of five bank robberies). The newly discovered evidence (even if true) that he was drugged during his testimony could not be thought to establish his innocence by "clear and convincing" evidence—especially since to prevail on an insanity defense in a federal trial the defendant must prove his insanity by clear and convincing evidence. 18 U.S.C. § 17. So Bennett has to show, albeit only prima facie, that the newly discovered evidence would have established by clear and convincing evidence that no reasonable factfinder could have failed to find that Bennett had established his insanity by clear and convincing evidence. This is a very heavy burden, and the fact that he was given a drug without which he might not have been able to testify at all cannot carry it.

All this is plain enough but we have thought it helpful to make clear that we will use the "prima facie showing" standard of section 2244 to evaluate applications for permission to file second or successive motions under section 2255 as well, despite the different wording of that section. By "prima facie showing" we understand (without guidance in the statutory language or history or case law) simply a sufficient showing of possible merit to warrant a fuller exploration by the district court. All that we usually have before us in ruling on such an application, which we must do under a tight deadline (see 28 U.S.C. § 2244(b)(3)(D)), is the application itself and documents required to be attached to it, consisting of the previous motions and opinions in the case. We do not usually have a response from the government, though such a response is authorized. 7th Cir.R. 22.2(c). If in light of the documents submitted with the application it appears reasonably likely that the application satisfies the strin-

gent requirements for the filing of a second or successive petition, we shall grant the application. The grant is, however, it is important to note, tentative in the following sense: the district court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion. 28 U.S.C. § 2244(b)(4). The movant must get through two gates before the merits of the motion can be considered.

DENIED.