United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 13, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-20700

In re ROBERT JAMES CAMPBELL,

Petitioner.

On Motion for Authorization to File Successive Petition for Writ
of Habeas Corpus in the United States District Court of the
Southern District of Texas.

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM[*]

Movant Robert James Campbell has asked this court for
permission to file a Successive Petition for a Writ of Habeas
Corpus in the United States District Court of the Southern District
of Texas based on the Supreme Court's recent decision in *Atkins v.
Virginia*, 536 U.S. 304 (2002), which bans the execution of the
mentally retarded. He alleges that he has made a *prima facie*
showing that his application satisfies the requirements for filing
a successive habeas petition as stated in 28 U.S.C. §

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

2244(b)(2)(A).[1] We deny Campbell's motion to file a successive habeas brief.

Our recent decision in *In re Morris*, 328 F.3d 739 (5th Cir. 2003), provides a framework for analyzing Campbell's claim. Specifically, in *Morris*, we stated that a movant's motion should be granted if he makes a *prima facie* showing that (1) the claims to be presented in the proposed successive habeas corpus application have not previously been presented in any prior application to this court; (2) the claim to be presented in the proposed successive habeas corpus application relies on the new rule of constitutional law announced in *Atkins*, made retroactive to cases on collateral review by the Supreme Court and that was previously unavailable; and (3) movant should be categorized as "mentally retarded" within the understanding of *Atkins*. *See Morris*, 328 F.3d at 740-41; *see also In re: Johnson*, 334 F.3d 403, 404 (5th Cir. 2003).

Campbell satisfies the first two categories of this *prima facie* showing. We conclude, however, that Campbell does not state a *prima facie* case of mental retardation within the understanding of *Atkins*. Specifically, Campbell does not make "a sufficient showing of possible merit to warrant a fuller explanation by the district court." *Morris*, 328 F.3d at 740 (quoting *Bennett v.*

---

[1] Movant also requests leave to file a reply brief in support of his motion. We grant Campbell's request to file a reply brief and have considered it in deciding this motion.

*United States*, 119 F.3d 468, 469-70 (7th Cir. 1997)). Campbell contends that he suffered through severe poverty and child abuse growing up, causing him to leave home at age thirteen and subjecting him to extreme emotional disturbance as a teenager. Campbell also contends that he had inadequate educational opportunities growing up and performed very poorly in school. Campbell finally contends that his father was known around town as "crazy," and that, to the extent this condition was congenital, it would constitute a risk factor for mental retardation for Campbell.

In support of this motion, Campbell has attached affidavits and school records supporting the contentions explained above. Campbell also cites four categories of "risk factors," published by the 2002 American Association on Mental Retardation, that may interact to cause mental retardation. Campbell argues that his abusive and unstable childhood causes him to fit within all four of these risk factors. Campbell contends, therefore, that he has made the *prima facie* showing of mental retardation necessary for this court to grant his motion. However, as the Supreme Court stated in *Atkins*, "not all people who claim to be mentally retarded will be so impaired as to fall within the range of mentally retarded offenders about whom there is a national consensus." *Atkins*, 536 U.S. at 317.

The evidence of childhood poverty and abuse, poor elementary school performance, and family dysfunction that Campbell

3

demonstrates in his motion is simply not enough to demonstrate that his claim has any likelihood of success under *Atkins*. *See Johnson*, 334 F.3d at 404. Claims of mental retardation within the understanding of *Atkins* present individualized, fact specific inquiries. Accordingly, we cannot articulate any specific requirements that a movant must make in order to have a motion for leave to file a successive habeas petition granted by this court. We note, however, that in this motion Campbell has not alleged that he has any mental impairment or cognitive dysfunction whatsoever. *Compare Morris*, 328 F.3d at 741 (Higginbotham, J., concurring) (mentioning that the record demonstrated some evidence of movant's mental impairment). Additionally, Campbell does not allege that he *is* mentally retarded within the understanding of *Atkins*, only that, according to one set of factors, he is *at risk* for mental retardation. Consequently, he has not made a *prima facie* showing of mental retardation and is not entitled to file a successive habeas petition in the district court.

Campbell also contends that he was entitled to a judge and/or jury determination of his mental retardation because, pursuant to the Supreme Court decision in *Atkins*, the absence of mental retardation is an element of capital murder that the state must prove beyond a reasonable doubt. *See Ring v. Arizona,* 536 U.S. 584 (2002); *Apprendi v. New Jersey*, 530 U.S. 446 (2000). This court has already considered and rejected this argument. *See Johnson*,

4

334 F.3d at 405.  Campbell's contention therefore fails.

MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF GRANTED; MOTION FOR AUTHORIZATION TO FILE A SUCCESSIVE HABEAS PETITION DENIED.