**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2009

Charles R. Fulbruge III
Clerk

No. 09-20586

IN RE:  CHRISTOPHER COLEMAN,

Movant

On Motion for Authorization to File
Successive Petition for Writ of Habeas
Corpus in the United States District Court for
the Southern District of Texas, Houston Division

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Christopher Coleman has moved this court for permission to file a successive petition for a writ of habeas corpus in the United States District Court for the Southern District of Texas and for a stay of execution. In June 1997, a Texas state jury convicted Coleman of killing three people—including a three-year-old child—and sentenced him to death. The Texas Court of Criminal Appeals affirmed Coleman's conviction and sentence, *Coleman v. State*, No. 72,895 (Tex. Crim. App. May 5, 1999), and denied his initial state application for a writ of habeas corpus, *Ex parte Coleman*, No. 48,523-01 (Tex. Crim. App. Apr. 18, 2001). A second state habeas application was dismissed as an abuse of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

writ. *Ex parte Coleman*, No. 48,523-02 (Tex. Crim. App. Sept. 11, 2002). In September 2004, the district court denied Coleman's federal habeas application and refused to grant a certificate of appealability ("COA") on any of Coleman's claims. *Coleman v. Dretke*, No. H-02-3865 (S.D. Tex. Sept. 28, 2004 ). This court denied Coleman's application for a COA in July 2006. *Coleman v. Quarterman*, 456 F.3d 537 (5th Cir. 2006). The Supreme Court denied Coleman's writ of certiorari the next year. *Coleman v. Quarterman*, 549 U.S. 1343 (2007). Two subsequent state court habeas petitions have also been denied as an abuse of the writ. *See Ex parte Coleman*, No. 48,523-03 (Tex. Crim. App. Oct. 10, 2007) and *Ex parte Coleman*, No. 48,523-04 (Tex. Crim. App. March 18, 2009). Coleman filed a new petition for a writ of habeas corpus with the Texas Court of Criminal Appeals on September 10, 2009, which was denied without written order on September 14, 2009. Execution has been scheduled for September 22, 2009.

The authority of this court to act on a motion to authorize a successive application rests on 28 U.S.C § 2244(b)(3)(C):

> The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the applicant satisfies the requirements of this subsection.

In *Reyes-Requena v. United States*, this court adopted the Seventh Circuit's definition of "prima facie showing," applying it to successive petitions by both state and federal prisoners:

> "By 'prima facie showing' we understand . . . simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." Therefore, if from the application and its supporting documents, "it appears reasonably likely that the

application satisfies the stringent requirements for the filing of a second or successive petition," the application shall be granted.

243 F.3d 893, 898-99 (5th Cir. 2001) (quoting *Bennett v. United States*, 119 F.3d 468, 469-70 (7th Cir. 1997)). These stringent requirements are found in 28 U.S.C. § 2244(b)(2), which mandates that a new claim presented in a successive petition shall be dismissed unless the applicant shows that the claim

> (A) . . . relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

We have carefully reviewed Coleman's motion and the documents appended as exhibits thereto and the response filed by the State. We find that Coleman has not made the requisite prima facie showing that he could satisfy the requirements of 28 U.S.C § 2244(b)(2).

Coleman argues that this court should grant his motion and permit a successive habeas petition in the district court because the prosecution in his criminal trial committed a violation pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, he argues that Elsie Prado, an eyewitness to the murders who identified Coleman as the shooter, has only recently revealed that she knew Coleman's co-defendant Enrique Mosquera and his family in Colombia prior to Prado's emigration to the United States. Coleman also alleges that Prado had

vulnerable relatives in Colombia who might have been subject to reprisals if she had named Mosquera as the shooter. If this information had been known to Coleman's trial counsel, he argues, reasonable doubts could have been raised about possible bias and the accuracy of Prado's testimony.

This allegation is supported with affidavits from Coleman's trial counsel, as well as an affidavit from a private investigator describing a September 2008 interview with Prado. There is also a translated transcript of a separate 2007 interview with a second private investigator (with supporting affidavits from that investigator). Finally, Coleman offers a 2007 affidavit from a private investigator who describes a 2003 interview with Mosquera. Neither Prado nor Mosquera have provided any affidavits concerning this issue.

Even if the facts alleged in these hearsay statements are true, however, they would not support a *Brady* claim. Under *Brady*, the prosecution has a duty to disclose to the defense exculpatory evidence that is material either to guilt or to punishment. *Brady*, 373 U.S. at 87. "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995); *see also Strickler v. Greene*, 527 U.S. 263, 280-81 (1999). "To establish a *Brady* violation, a defendant must show that (1) the prosecution suppressed evidence; (2) the evidence was favorable, such as exculpatory or impeachment evidence; and (3) the evidence was material." *United States v. Skilling*, 554 F.3d 529, 574 (5th Cir. 2009) (citing *Mahler v. Kaylo*, 537 F.3d 494, 499-500 (5th Cir. 2008)). "Where a defendant fails to establish any one element of *Brady*, we need not inquire into the other components." *Id*. (citations omitted).

4

Coleman has failed to offer any evidence that the prosecution suppressed evidence that Prado and Mosquera knew each other. Suppression of evidence is fundamental to a *Brady* claim; there is no due process violation if a prosecutor is not aware of the existence of favorable evidence. *Ross v. Texas*, 474 F.2d 1150, 1153 (5th Cir. 1973). Coleman theorizes that the impeaching evidence was "never revealed to the defense, either because [Prado] never revealed it to the State, or because the State never shared this information with the defense," and argues that it is "highly unlikely" that prosecutors did not know about the favorable evidence. Yet an applicant's speculation about the suppression of evidence is an insufficient basis to support a *Brady* claim. *Hughes v. Johnson*, 191 F.3d 607, 629-30 (5th Cir. 1999). Coleman has failed to show that there was any *Brady* violation and that his conviction was therefore constitutionally infirm.

Additionally, Coleman has failed to show that he could not have previously discovered the factual predicate for his claim through the exercise of due diligence. He provides no reason why he could not have discovered, prior to the filing of the instant motion, whether potentially exculpatory evidence was suppressed. By Coleman's own admission, it was on June 16, 2003—more than a year prior to the district court's denial of his original habeas petition in September 2004—that his private investigator interviewed Mosquera and learned that Mosquera had known Prado in Colombia. In his affidavit, the private investigator claims that he "couldn't confirm this information" because Prado refused to be interviewed at that time. Whether Prado would talk to private investigators, however, is irrelevant to the claim Coleman wishes to raise in the district court: that prosecutors knew of and suppressed this information

5

in violation of *Brady*. Coleman provides no evidence that he did anything, then or now, to confirm that the prosecution suppressed material, favorable information at his trial. The factual predicate to the instant claim could have been discovered through the exercise of due diligence prior to the denial of Coleman's original habeas petition in September 2004 and certainly prior to the filing of the instant motion.

Finally, even were we to conclude that there was a *Brady* violation, Coleman has not shown by "clear and convincing evidence" that, but for the suppression of the exculpatory evidence, the jury would not have found him guilty of the underlying offense, as required by 28 U.S.C. § 2244(b)(2)(B)(ii). As established at trial and noted by the Texas Court of Criminal Appeals in denying Mosquera's direct appeal, there was substantial evidence, independent of Prado's testimony, that Coleman was present at the scene of the murders and participated in the robbery that led to the killings. *See Mosquera v. State*, No. 01-98-00347-CR, 1999 WL 318823, at \*2 (Tex. App.–Houston [1st Dist.] May 20, 1999, pet. ref'd) (not designated for publication). Under Texas's "law of the parties," a criminal defendant may be found guilty of an offense actually committed by another if, "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *See* Tex. Penal Code § 7.02(a)(2) (Vernon 1994). Accordingly, the jury may have found Coleman guilty of capital murder even without relying on the testimony of the state's eyewitness. Certainly, Coleman has not shown by clear and convincing evidence that but for the *Brady* violation he would not have been found guilty, which is a requirement for an exception to the rule that new claims raised in successive habeas petitions must be

dismissed. Coleman's assertion that this allegedly suppressed evidence would have been material to the punishment phase of his trial is irrelevant under § 2244(b)(2)(B)(ii), which requires an applicant to show by clear and convincing evidence that, but for the constitutional violation, "no reasonable factfinder would have found the applicant guilty of the underlying offense."

Coleman has not made a prima facie showing that his application meets the requirements of § 2244(b)(2) for pursuing a successive habeas application. Accordingly, IT IS ORDERED that Applicant's motion for leave to file a successive habeas petition is denied. Having shown no grounds to justify a stay, IT IS FURTHER ORDERED that Applicant's motion for stay of execution is also denied.