# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3744

_____

Kamil Hakeem Johnson

*Petitioner*

v.

United States of America

*Respondent*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: May 23, 2013
Filed: July 12, 2013
[Published]

_____

Before SMITH, ARNOLD, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Kamil Hakeem Johnson seeks authorization to file a successive 28 U.S.C. § 2255 motion, asserting that *Miller v. Alabama*, 132 S. Ct. 2455, 2460 (2012), which held that a sentencing scheme that requires a sentence of life imprisonment without parole for certain crimes committed by defendants who were under the age of 18 violates the Eighth Amendment, announced a new rule that applies retroactively, *see*

28 U.S.C. § 2255(h)(2). We conclude that Mr. Johnson has made a *prima facie* showing, *see* 28 U.S.C. §§ 2255(h), 2244(b)(3)(C), that his motion contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2), and we therefore grant him authorization to file a successive § 2255 motion.

In granting authorization we join most other circuits in adopting the proposition that a *prima facie* showing in this context is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court," see *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997). *See Case v. Hatch*, --- F.3d. ---, 2013 WL 1501521, at *1, 10-12 (10th Cir. April 12, 2013); *Goldblum v. Klem*, 510 F.3d 204, 219 (3rd Cir. 2007); *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003); *In re Holladay*, 331 F.3d 1169, 1173-74 (11th Cir. 2003); *Bell v. United States*, 296 F.3d 127, 128 (2d Cir. 2002); *Reyes-Requena v. United States*, 243 F.3d 893, 898-99 (5th Cir. 2001); *Thompson v. Calderon*, 151 F.3d 918, 925 (9th Cir. 1998); *Rodriguez v. Superintendent, Bay State Corr. Ctr.*, 139 F.3d 270, 273 (1st Cir. 1998), *abrogated on other grounds by Bousley v. United States*, 523 U.S. 614 (1998). We emphasize that the "district court must not defer" to our "preliminary determination" in granting the authorization, *Case*, 2013 WL 1501521, *11, as our "grant is… tentative in the following sense: the district court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion," *Bennett*, 119 F.3d at 469-70 (citing 28 U.S.C. § 2244(b)(4)). The government here has conceded that *Miller* is retroactive and that Mr. Johnson may be entitled to relief under that case, and we therefore conclude that there is a sufficient showing here to warrant the district court's further exploration of the matter.

COLLOTON, Circuit Judge, dissenting.

Like the Eleventh Circuit in *In re Morgan*, 713 F.3d 1365 (11th Cir.), *reh'g denied*, 2013 WL 2476318 (11th Cir. June 10, 2013), I would deny the motion for

authorization to file a second or successive motion under 28 U.S.C. § 2255, because the movant has not made a *prima facie* showing that *Miller v. Alabama*, 132 S. Ct. 2455 (2012), announced a new rule of constitutional law that has been "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2). A new rule is not "made retroactive" unless the Supreme Court *holds* it to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Although movant Kamil Hakeem Johnson and the government suggest reasons why reasonable jurists could believe that the Court *in the future* might conclude that *Miller* announced a "substantive" rule, and therefore should apply retroactively, *see Schriro v. Summerlin*, 542 U.S. 348, 351, 352 n.4 (2004), the motion for authorization has merit only if the Court's *holdings to date* "necessarily dictate retroactivity of the new rule." *Tyler*, 533 U.S. at 663 n.5, 666. As the government acknowledges in its response to the pending motion, "[t]o date, the new rules the Court has treated as substantive have categorically prohibited a particular outcome for a particular class of defendants, regardless of the procedure employed." Gov't Resp. at 12. *Miller* does not fit within that class of new rules; it creates the possibility of a different result through individualized sentencing, *Miller*, 132 S. Ct. at 2460, but it does not prohibit an outcome of life imprisonment for a juvenile like Johnson, who shot a .38 caliber pistol in the direction of gang members at a gas station and killed a four-year-old girl returning home from a day at a neighborhood festival. *See id*. at 2469 ("[W]e do not foreclose a sentencer's ability to make that judgment in homicide cases"); *see also United States v. Crenshaw*, 359 F.3d 977, 981-83 (8th Cir. 2004) (recounting the evidence against Johnson). To rule that *Miller* announced a "substantive" rule would require an extension of the Supreme Court's holdings, and the motion for authorization should therefore be denied.

_____