# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40729

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2014

Lyle W. Cayce
Clerk

In re: JERMON RODRIGUEZ CLARK,

Movant

Motion for an order authorizing
the United States District Court for the Eastern
District of Texas to consider
a successive 28 U.S.C. § 2255 motion

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Jermon Rodriguez Clark, federal prisoner # 04709-078, moves for authorization to file a successive 28 U.S.C. § 2255 motion challenging his 600-month sentence. In 1995, Clark pleaded guilty to carjacking resulting in death in violation of 18 U.S.C. § 2119, and possession of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). He was fifteen years old at the time of the offense. Clark was sentenced to 540 months on the carjacking count and 60 months on the firearms count, to be served consecutively. [1] He now argues that *Miller v. Alabama*, 132 S. Ct. 2455 (2012), announced a new rule

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Given the procedural posture of the motion, we have minimal information regarding Clark's sentencing proceedings. However, we do note that Clark was sentenced prior to *United States v. Booker*, 543 U.S. 220 (2005), when the United States Sentencing Guidelines were mandatory*, see, e.g., id.* at 233-34.

of constitutional law made retroactively applicable on collateral review by the Supreme Court, and that *Miller* renders his sentence unconstitutional.  The government does not oppose Clark's motion.

We have already held that Clark's co-defendant made the required prima facie showing that his motion satisfied the standards for filing a successive petition under 28 U.S.C. § 2255(h). *See In re Simpson*, No. 13-40718, slip op. at 2 (5th Cir. Feb. 7 2014).  In that case, we granted leave to Clark's co-defendant, Torvos Simpson, to file a successive § 2255 motion based on *Miller*. While Clark's case is distinguishable from Simpson's, as Clark did not receive a life sentence without parole, we nonetheless conclude that he has also met the minimal prima facie standard.  *See Reyes-Requena v. United States*, 243 F.3d 893, 897-99 (5th Cir. 2001) (holding that the prima facie standard is incorporated into § 2255).  Although there is some doubt as to whether *Miller* applies to a term-of-years sentence, even a lengthy one like Clark's, those arguments have not been presented to us, given the minimal proceedings thus far.  We conclude that Clark has made "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Reyes-Requena*, 243 F.3d at 899 (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)).

We GRANT Clark's motion for authorization to file a successive § 2255 motion in the district court. As with our grant in *Simpson*, the grant is, however, "tentative" to the extent that "the district court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion." *Reyes-Requena*, 243 F.3d at 899 (quoting *Bennett*, 119 F.3d at 470); *see also In re Morris*, 328 F.3d 739, 741 (5th Cir. 2003).