# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-70020

ROBERT JAMES CAMPBELL,

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2014

Lyle W. Cayce
Clerk

Plaintiff–Appellant,

v.

BRAD LIVINGSTON, ET AL.,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-1241

Before STEWART, Chief Judge, DENNIS and ELROD, Circuit Judges.

PER CURIAM:*

Petitioner Robert James Campbell is scheduled to be executed in Texas (the "State") after 6:00 PM on Tuesday, May 13, 2014. Campbell moved for a preliminary injunction or a temporary restraining order to prevent the State from using its execution protocol until the State discloses more information about the drug that it plans to use. The district court denied Campbell's motion. Campbell now requests that this court grant him a preliminary injunction and order the State to disclose information regarding the drug that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-70020

will be used in Campbell's execution. Campbell also filed a motion to stay on his 42 U.S.C. § 1983 claim.[1] We AFFIRM the district court's denial of the preliminary injunction and DENY the motion to stay.

## I.

Campbell was convicted of capital murder and sentenced to death for the 1991 rape and murder of Alexandra Rendon. The Texas Court of Criminal Appeals affirmed Campbell's conviction and sentence on direct appeal, and the Supreme Court denied his petition for certiorari. *Campbell v. State*, 910 S.W.2d 475 (Tex. Crim. App. 1995), *cert. denied*, 517 U.S. 1140 (1996). Campbell's state application for a writ of habeas corpus was denied by the Texas Court of Criminal Appeals. *Ex parte Campbell*, No. 44,551-01 (Tex. Crim. App. Mar. 8, 2000). Campbell then filed his federal habeas petition, which the district court denied. *Campbell v. Cokrell*, No. H-00-3844 (S.D. Tex. Mar. 20, 2003). Both the district court and the Fifth Circuit declined a certificate of appealability. *Campbell v. Dretke*, 117 F. App'x 946 (5th Cir. 2004). While his federal habeas application was still pending, Campbell filed a second state habeas application raising an *Atkins* claim. The Texas Court of Criminal Appeals dismissed the application as an abuse of the writ. *Ex parte Campbell*, No. WR-44,551-02 (Tex. Crim. App. July 2, 2003).

Campbell next sought leave to file a successive federal habeas application raising an *Atkins* claim. The Fifth Circuit denied leave, holding that Campbell failed to make a *prima facie* showing of mental retardation. *In re Campbell*, 82 F. App'x 349 (5th Cir. 2003). In 2006, Campbell filed a third state habeas application raising *Brady* and actual innocence claims. The Texas

---

[1] This opinion only rules on the motion to stay with respect to Campbell's § 1983 claim. Campbell has also filed an *Atkins* claim and a corresponding motion to stay, which we do not address here.

No. 14-70020

Court of Criminal Appeals dismissed the application as an abuse of writ. *Ex parte Campbell*, 226 S.W.3d 418, 425 (Tex. Crim. App. Apr. 25, 2007).

In 2012, Campbell filed his fourth state habeas application, raising alleged error in the jury charge. *Ex parte Campbell*, No. AP-76,907 (Tex. Crim. App. Nov. 7, 2012). The Texas Court of Criminal Appeals looked past the state procedural rule on successive state habeas applications and denied the claim on the merits. The Supreme Court denied certiorari. *Campbell v. Texas*, 134 S. Ct. 53 (2013).

On May 6, 2014, Campbell filed a Section 1983 complaint in the United States District Court for the Southern District of Texas. He sought a TRO to stay his execution and to have the State ordered to disclose information about the lethal drug that would be used to execute him. On May 9, 2014, the district court denied the motion. Campbell appeals.

## II.

The Supreme Court recognized a narrow exception to the general rule that prevents federal courts from granting stays where a state's execution procedures would not comport with the Constitution. *See Baze v. Rees*, 553 U.S. 35, 61 (2008). Filing a "§ 1983 [action] does not entitle the complainant to an order staying an execution as a matter of course." *Hill v. McDonough*, 547 U.S. 573, 583–85 (2006). Rather, "a stay of execution is an equitable remedy that is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Nelson v. Campbell*, 541 U.S. 647, 649–50 (2004).

To be entitled to a preliminary injunction, a movant must establish (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an

No. 14-70020

injunction will not disserve the public interest.  *Sells v. Livingston*, No. 14-70014, 2014 WL 1357039, at *2 (5th Cir. Apr. 7, 2014) (citing *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011)).

III.

Campbell seeks information about the pentobarbital the TDCJ plans to use during his scheduled execution, including the source of the drug, how it is prepared, and who has tested it.  Campbell is scheduled to be executed consistent with the TDCJ's July 9, 2012, Execution Procedure.  Texas has disclosed that it plans to administer a five-gram dose of pentobarbital obtained from a licensed compounding pharmacy within the United States.  The specific batch in question has been tested by an independent lab, has a potency of 108%, and is free of contaminants.  The State of Texas has used pentobarbital in the last ten executions.  "The single-drug protocol is valid."  *Id.* (citing *Thorson v. Epps*, 701 F.3d 444, 447 n.3 (5th Cir. 2012)).

Campbell's request is nearly identical to the request made in *Sells*, where the inmates sought

> the source of the pentobarbital, documentation reflecting the purpose of the drug, the timing and means of storage of the drug, the date of manufacture/missing of the drug, any lot numbers which may exist, the raw ingredients used to make the drug and the source of same, the testing that was conducted on the drug and the results of that testing, and the laboratory and names of its personnel which conducted the testing.

*Id.*  The *Sells* court denied the inmates' request because "[n]o appellate decision had yet held that obtaining information about execution protocols was a liberty interest, which meant that failing to disclose could not be a due-process violation."  *Id.* at *3.

A death row inmate is entitled to an injunction if he points to "*some hypothetical situation, based on science and fact, showing a likelihood of severe*

4

pain." *Whitaker v. Livingston*, 732 F.3d 465, 468 (5th Cir. 2013). Campbell speculates that there are unknowns regarding the drug to be used. "[M]ere speculation is not enough." *Id.* at 469. Pursuant to binding precedent, we conclude that Campbell has not shown a likelihood of success on his constitutional claims.

We AFFIRM the district court's denial of the preliminary injunction and DENY the motion to stay.