**REVISED SEPTEMBER 9, 2014**

# THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-70028

United States Court of Appeals
Fifth Circuit

**FILED**

September 9, 2014

Lyle W. Cayce
Clerk

WILLIE TYRON TROTTIE,

Plaintiff–Appellant,

v.

BRAD LIVINGSTON, ET AL.,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:

Willie Tyrone Trottie is scheduled to be executed in Texas on Wednesday, September 10, 2014. Trottie filed a § 1983 law suit alleging violations of the Eighth and Fourteenth Amendments based on the method of his execution. The district court denied Trottie's motion for a preliminary injunction or temporary restraining order. We AFFIRM.

I.

Trottie was convicted and sentenced to death for the murders of Barbara and Titus Canada while in the course of committing and attempting to commit burglary of a habitation. The Court of Criminal Appeals affirmed Trottie's conviction and sentence. *Trottie v. State*, No. 71,793 (Tex. Crim. App. 1995).

No. 14-70028

Trottie filed a state application for writ of habeas corpus on August 18, 1997, which the Court of Criminal Appeals denied. *Ex parte Trottie*, No. 70,302-01 (Tex. Crim. App. Feb. 11, 2009).

Trottie then filed a federal habeas petition. *Trottie v. Stephens*, No. 4:09-cv-435 (S.D. Tex. 2011). The district court denied Trottie's petition and denied him a certificate of appealability ("COA"). This court also denied an application for a COA. *Trottie v. Stephens*, 720 F.3d 231 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1540 (March 24, 2014). Trottie then filed a second state habeas application in the Court of Criminal Appeals, which was dismissed as an abuse of the writ. *Ex parte Trottie*, No. 70,302-02 (Tex. Crim. App. Sept. 4, 2014).

On September 4, 2014, Trottie filed a § 1983 complaint in the United States District Court for the Southern District of Texas. He sought a temporary or preliminary injunction to stay his execution, arguing that the State has been secretive concerning the origins of the drug to be used in his execution and any testing of that drug. Trottie argues that the secrecy, in conjunction with several "botched" executions in other states, creates an unacceptable risk that his execution will be severely painful in violation of the Eighth Amendment. Furthermore, Trottie asserts that the failure to disclose this information is a violation of his due process rights. On September 5, 2014, Judge Atlas denied the motion in a thoughtful and thorough opinion. *Trottie v. Livingston, et al.*, No. 4:14-2550 (S.D. Tex. Sept. 5, 2014). Trottie appeals.

II.

We review a denial of a motion for preliminary injunction for abuse of discretion. *Janvey v. Alguire*, 647 F.3d 585, 591–92 (5th Cir. 2011). The Supreme Court recognized a narrow exception to the general rule that prevents federal courts from granting stays where a state's execution procedures would not comport with the Constitution. *See Baze v. Rees*, 553 U.S. 35, 61 (2008).

2

No. 14-70028

Filing a "§ 1983 [action] does not entitle the complainant to an order staying an execution as a matter of course." *Hill v. McDonough*, 547 U.S. 573, 583–85 (2006). Rather, "a stay of execution is an equitable remedy that is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Nelson v. Campbell*, 541 U.S. 647, 649–50 (2004).

To be entitled to a preliminary injunction, a movant must establish (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Sells v. Livingston*, 750 F.3d 480 (5th Cir. 2014) (citing *Janvey*, 647 F.3d at 595).

III.

Trottie alleges that he has a due process right to information regarding the pentobarbital the Texas Department of Criminal Justice ("TDCJ") plans to use during his scheduled execution, including the source of the drug, how it is prepared, and who has tested it. The State has already disclosed that Trottie will be executed with a 5g dose of pentobarbital obtained from a licensed compounding pharmacy within the United States and that the pentobarbital to be used has been tested by an independent laboratory and found to be 108% potent and free from contaminants. The State also asserts that the drug is not expired and will not expire until September 30, 2014. Moreover, the State disclosed that the execution will be carried out in accordance with the TDCJ's July 9, 2012 Execution Procedure, which has been the procedure used in thirty-three executions in Texas.

Trottie has no likelihood of success on the merits because his argument is foreclosed by our precedent. A due process right to disclosure requires an inmate to show a cognizable liberty interest in obtaining information about

3

No. 14-70028

execution protocols. Trottie speculates that there are unknowns regarding the drug to be used which may add an unacceptable risk of pain and suffering. However, we have held that an uncertainty as to the method of execution is not a cognizable liberty interest. *Sepulvado v. Jindal*, 729 F.3d 413, 420 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1789 (2014). A death row inmate is entitled to an injunction if he points to "*some* hypothetical situation, based on science and fact, showing a likelihood of severe pain." *Whitaker v. Livingston*, 732 F.3d 465, 468 (5th Cir. 2013). "[M]ere speculation is not enough." *Id.* at 469. Trottie relies on speculation alone and thus has not articulated a cognizable liberty interest.

This court has upheld the State's procedure, which includes a drug team that prepares two syringes containing the pentobarbital and a medically trained individual who inserts the intravenous catheters.[1] *See Raby v. Livingston*, 600 F.3d 552, 555–56 (5th Cir. 2010). Trottie has not alleged any change in the State's procedure or execution drug that would distinguish the prior unsuccessful legal challenges. Indeed, Trottie's request is nearly identical to the request made in *Sells*, in which the State used the same July 9, 2012 Execution Procedure as will be used here. In *Sells*, the inmates sought

> the source of the pentobarbital, documentation reflecting the purchase of the drug, the timing and means of storage of the drug, the date of manufacture/mixing of the drug, any lot numbers which may exist, the raw ingredients used to make the drug and the source of same, the testing that was conducted on the drug and the results of that testing, and the laboratory and names of its personnel which conducted the testing.

---

[1] The only difference between the July 9, 2012 Execution Procedure and the procedure we considered in *Raby v. Livingston*, 600 F.3d 552 (5th Cir. 2010), is a change from the use of three drugs to a single drug. It is well established in this circuit that the single-drug protocol is valid. *See Sells*, 750 F.3d at 481; *Thorson v. Epps*, 701 F.3d 444, 447 n.3 (5th Cir. 2012); *see also Campbell v. Livingston, et al.*, 2014 WL 1887578 (5th Cir. May 12, 2014), *cert. denied*, 134 S. Ct. 2829 (2014).

No. 14-70028

*Sells*, 750 F.3d at 480. The *Sells* court denied the inmates' request because "[n]o appellate decision had yet held that obtaining information about execution protocols was a liberty interest, which meant that failing to disclose could not be a due-process violation." *Id.* at 481. We are bound by *Sells*. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court.").

Pursuant to binding precedent, we conclude that Trottie has not shown a likelihood of success on his constitutional claims. Accordingly, we AFFIRM the district court's denial of Trottie's motion for a preliminary injunction or temporary restraining order. The stay of execution is DENIED.