**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TERRY DALE LOMACK,

     Petitioner - Appellant,

v.

JIM FARRIS, Warden,

     Respondent - Appellee.

Nos. 16-6232 & 16-6284
(D.C. No. 5:03-CV-01008-C)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Terry Dale Lomack, an Oklahoma prisoner proceeding pro se,[1] requests a

certificate of appealability (COA) so he can appeal the district court's orders dismissing

his successive 28 U.S.C. § 2254 habeas application and denying his subsequent Fed. R.

Civ. P. 59(e) motion.[2] Lomack also moves for leave to proceed on appeal in forma

pauperis (IFP). We grant Lomack's motion for IFP status. But because Lomack doesn't

_____

[*] This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe pro se pleadings. But we do not make arguments for pro se litigants or otherwise advocate on their behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] Lomack filed two separate notices of appeal—one designating each district court order—and we granted Lomack's motion to consolidate the resulting appeals.

make the requisite showing to obtain a COA, we deny his COA request and dismiss this matter.

## I

Lomack is currently serving a 200-year prison sentence for kidnaping, feloniously pointing a firearm, and possessing a firearm after a felony conviction. In March 2015, Lomack filed a pro se motion in this court seeking authorization to file a successive § 2254 habeas application. *See* 28 U.S.C. § 2244(b)(3)(A) (requiring applicant seeking to file successive habeas application to "move in the appropriate court of appeals for an order authorizing the district court to consider the application"). Lomack attached a pro se proposed § 2254 application to the motion for authorization.

In the proposed application, Lomack asserted that the state violated his Fourteenth Amendment right to due process by (1) obtaining his convictions without sufficient evidence, (2) withholding exculpatory evidence, and (3) soliciting and knowingly presenting perjured testimony at trial. Lomack predicated these claims on newly discovered evidence that the victim and key prosecution witness, Darrell Shaver, recanted his trial testimony through statements he made in a 2012 affidavit and through testimony he provided during a 2013 evidentiary hearing on Lomack's application for state post-conviction relief.

A panel of this court, with one judge dissenting, determined that Lomack made a prima facie showing that he met § 2244(b)'s requirements and authorized Lomack to file his proposed application. Order, dated April 3, 2015; *see* § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it

2

determines that the application makes a prima facie showing that the application satisfies" § 2244(b)'s requirements).

After docketing this court's authorization order, the district court sua sponte appointed counsel for Lomack and referred the case to a magistrate judge. Lomack's appointed counsel filed an amended § 2254 application, refining Lomack's due process claims into one claim focusing on the state's alleged withholding of exculpatory evidence, namely (1) a handwritten statement that Shaver provided to Officer Mike Atchley on the date of the kidnaping, wherein Shaver identified his attacker only as "a Black male," Doc. 35, Att. 6; and (2) evidence that Shaver negotiated a deal with the prosecutor in exchange for providing allegedly false preliminary hearing and trial testimony positively identifying Lomack as his attacker.

The Respondent moved to dismiss the § 2254 application, arguing that Lomack failed to satisfy § 2244(b)'s requirements. In a thorough report and recommendation, the magistrate judge agreed and recommended dismissing Lomack's application. The district court adopted the report and recommendation in its entirety, over Lomack's pro se objections, and dismissed Lomack's application for failure to satisfy § 2244(b)'s requirements. *See* § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of [§ 2244(b)]."). The court denied as moot Lomack's motions for appointment of substitute counsel[3] and for IFP

---

[3] After Lomack filed pro se objections questioning his counsel's actions, counsel sought and obtained permission to withdraw from the case.

status. The court also denied Lomack's subsequent pro se Rule 59(e) motion to alter or amend the judgment of dismissal.

## II

Lomack requests a COA to appeal four issues. Specifically, he asserts that the district court (1) failed to liberally construe his objections to the magistrate judge's report and recommendation, (2) abused its discretion by sua sponte appointing counsel, (3) erred in considering the amended habeas application that his appointed counsel filed because this court granted him authorization to file only his original pro se habeas application, and (4) abused its discretion by denying his Rule 59 motion.

But before we can address these issues, Lomack must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring certificate of appealability to appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court").[4] And because the district court dismissed Lomack's § 2254 application without reaching its merits, we will grant a COA only if Lomack demonstrates both "[1] that jurists of reason would find it debatable whether [his § 2254 application] states a valid claim of the denial of a constitutional right and [2] that jurists

---

[4] Lomack doesn't need a COA to appeal the district court's order appointing counsel because that order isn't a final order disposing of Lomack's § 2254 application. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009). But Lomack fails to cite any authority to support his claim that the district court abused its discretion by sua sponte appointing habeas counsel. And his complaint, it seems, is more with counsel's performance than with the court's decision to appoint counsel. Thus, we affirm the district court's order appointing counsel.

4

of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We conclude that Lomack fails to make the requisite showing because he doesn't identify any aspect of the district court's procedural ruling—i.e., its determination that he failed to satisfy § 2244(b)'s requirements—that would cause reasonable jurists to debate the correctness of that ruling. *See id.*; *Garrett*, 425 F.3d at 840 (explaining that pro se appellants, like all other appellants, must state contentions of error and supporting arguments).

When a state prisoner seeks authorization to file a successive habeas application to assert claims based on newly discovered facts, he or she must demonstrate that (1) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and (2) "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2)(B)(i)-(ii).

And the applicant must make this showing twice, by "pass[ing] through two gates." *Case v. Hatch*, 731 F.3d 1015, 1027 (10th Cir. 2013); *see id.* at 1026 (explaining that § 2244(b) "expressly establishe[s] a two-step 'gate-keeping' mechanism for the consideration of second or successive habeas corpus applications in federal courts"). At the first gate, this court conducts a preliminary—and expedited—assessment of the habeas application to determine whether the applicant has made a prima facie showing that the application meets § 2244(b)'s requirements. *Id.* at 1026-27; *see* § 2244(b)(3)(C)

5

(requiring applicant to make prima facie showing to obtain authorization); § 2244(b)(3)(D) (requiring court of appeals to grant or deny motion for authorization "not later than 30 days after the filing of the motion"); *see also Ochoa v. Sirmons*, 485 F.3d 538, 541 (10th Cir. 2007) (noting that this court's inquiry focuses "solely on the conditions specified in § 2244(b) that justify raising a new habeas claim," and that this court doesn't "engage in a preliminary merits assessment").[5]

Thus, even when this court grants authorization to file a successive habeas application, as it did here, that means only that the applicant has shown "possible merit to warrant a fuller exploration by the district court" as to whether the applicant has, in fact, made the requisite showings under § 2244(b). *Case*, 731 F.3d at 1028 (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)); *see also id.* at 1028-29 (noting that to grant authorization, circuit court need only decide "it appears reasonably likely that the application satisfies the stringent requirements for the filing of a second or successive petition" (quoting *Bennett*, 119 F.3d at 469-70)).

The applicant must then make a more convincing showing to pass through the second gate at the district court level. At the second gate, the district court's task is to consider each claim and determine whether they "in fact, satisfy the requirements of § 2244(b)." *Id.* at 1030; *see LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.3 (10th Cir.

---

[5] In *Ochoa*, we pointed out that "what is often referred to as the 'innocence' component in § 2244(b)(2)(B) imposes a merits-type condition to which the prima facie showing attaches." 485 F.3d at 542 n.4. But even this component "does not directly concern the merit of the constitutional claim itself but rather the extent to which its predicate facts undercut the jury's finding of guilt." *Id.*

2001) (citing cases explaining district court's independent duty to examine each claim and dismiss any claim that doesn't satisfy § 2244(b)'s requirements). In *Case*, we explained that § 2244(b)(2)(B)(ii) "requires the applicant to identify a constitutional violation and show that he would not have been found guilty 'but for' the violation." 731 F.3d at 1032. In considering whether the applicant has made this showing, the district court's task is to "determine whether the newly discovered evidence, based on the record as a whole, would lead every reasonable juror to a conclusion of 'not guilty.'" *Id.* If the district court determines that the applicant's claims don't satisfy § 2244(b)'s requirements, the second gate remains closed and the district court "must dismiss" those claims "without reaching the merits." *Id.* at 1029 (quoting *Bennett*, 119 F.3d at 470); *see* § 2244(b)(4).

Here, Lomack alleged in his amended application that the prosecutor violated his due process rights by (1) withholding a handwritten statement that Shaver provided to Officer Atchley in February 2000 and (2) withholding evidence that Shaver allegedly negotiated a deal with the prosecutor to provide false testimony at Lomack's preliminary hearing and trial in exchange for the dismissal of Shaver's own pending charge or charges. These claims rested on Lomack's newly discovered evidence that Shaver recanted his trial testimony through a 2012 affidavit and through testimony he provided at a 2013 evidentiary hearing on Lomack's application for state post-conviction relief.

The district court, by adopting the magistrate judge's report and recommendation in its entirety, thoroughly considered Lomack's newly discovered evidence in light of the trial evidence as a whole. Regarding the prosecutor's alleged withholding of Shaver's

7

February 2000 handwritten statement, the district court concluded that Lomack (1) failed to show that "the factual predicate for [his] claim could not have been discovered previously through the exercise of due diligence," R. vol. 2, 410 (alteration in original) (quoting § 2244(b)(2)(B)(i)), and (2) failed to show "by clear and convincing evidence that but for the prosecution's alleged failure to disclose Mr. Shaver's handwritten statement to Officer Atchley no reasonable factfinder would have found him guilty," *id.* Significantly, the district court found no evidence that the prosecutor withheld Shaver's handwritten statement. Rather, the evidence established that Lomack's trial counsel explicitly questioned Shaver about his handwritten statement at trial, and that Shaver testified that he hadn't identified Lomack by name in that statement because Shaver's family and Lomack's family "were close." *Id.* at 397. Thus, reasonable jurists wouldn't debate the correctness of the district court's determination that Lomack failed to show that but for the alleged due process violation arising from the prosecutor's purported failure to disclose Shaver's handwritten statement, no reasonable factfinder would have convicted him.

The district court further concluded that even assuming Lomack could show that the factual predicate for his perjured-testimony claim could not have been discovered previously through the exercise of due diligence, Lomack failed to show "by clear and convincing evidence that, but for the prosecution's failure to disclose the alleged negotiated perjury agreement, no reasonable juror would have found him guilty." *Id.* at 416. Specifically, the court cited the state court's finding that Shaver's recantation testimony lacked credibility given inconsistencies between Shaver's statements in his

8

2012 affidavit and his 2013 testimony. The court also cited evidence that the prosecutor and detective with whom Shaver allegedly negotiated a perjury agreement both testified at the state evidentiary hearing that no such agreement existed.

In sum, the district court determined that Lomack's newly discovered facts arising from Shaver's recantation fell far short of satisfying § 2244(b)(2)(B)(ii)'s clear-and-convincing-evidence requirement. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (noting that new facts supporting successive application must show "a high probability of actual innocence"). And Lomack fails to demonstrate that reasonable jurists would debate the correctness of the district court's determination. Lomack's failure to identify any alleged errors in the district court's analysis of the § 2244(b) requirements is fatal to his request for a COA.[6] Because we conclude that reasonable jurists would not debate the

---

[6] Rather than attacking the district court's § 2244(b) analysis, Lomack primarily asserts that the district court lacked "habeas 'subject-matter' jurisdiction" to consider the claim in his amended habeas application because it differed from the claims he asserted in his pro se proposed application—i.e., the application that this court authorized him to file. Aplt. Br. 19. But this argument misunderstands the nature of § 2244(b)'s two-step gatekeeping mechanism. As we've discussed, this court's task is to quickly assess whether any claim asserted in a proposed successive habeas application might arguably satisfy § 2244(b)'s requirements. If so, we authorize the filing of a successive application. *Case*, 731 F.3d at 1027-28. It then falls to the district court to closely scrutinize each claim asserted in the application to determine whether each claim does, in fact, satisfy § 2244(b)'s requirements. *LaFevers*, 238 F.3d at 1265 n.3. Moreover, while Lomack's habeas counsel did reframe his pro se claims by filing the amended application, it's clear that the district court's § 2244(b) analysis addressed the substance of Lomack's pro se claims. At bottom, Lomack seeks habeas relief because he alleges that Shaver falsely identified him at trial as a result of the prosecutor offering Shaver a deal for his perjured testimony. Thus, Lomack's original and amended claims all rest on the same factual predicate: Shaver lied, and the prosecutor knew he lied. And, as we've discussed, Lomack fails to demonstrate that reasonable jurists would debate the district court's determination that this factual predicate isn't sufficiently clear or convincing to undermine Lomack's convictions.

9

correctness of the district court's determination that Lomack didn't satisfy § 2244(b)'s requirements, we deny Lomack's request for a COA and dismiss this matter. Nevertheless, we grant his IFP motion.

Entered for the Court


Nancy L. Moritz
Circuit Judge